UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| William Reynolds, individually; as Spouse of Sylwia Pawlak Reynolds; and as Next Friend of their minor children, AMR, WR, and AR<br><br>Plaintiff<br><br>vs.<br><br><br><br>Nancy Sanders Harper, MD; Hennepin County; Fairview Health Services; The Board of Regents of the University of Minnesota; Hennepin Healthcare System, Inc., d/b/a Hennepin County Medical Center; Otto Bremer Trust; The University of Minnesota Physicians d/b/a U of M Physicians; the University of Minnesota Foundation d/b/a U of M Foundation; Britta Nicholson; Sarah Elizabeth Lucken, MD; Seth Cheng Silbert, MD; Mohamed Tahsin A. Jouhari, MD,<br><br>Defendants. | Case No. 25-CV-754-LMP-JFD<br><br><br><br>**ATTORNEY AFFIDAVIT OF REVIEW PURSUANT TO MINN STAT. §§ 145.682 and 544.42** |

COMES NOW the Affiant, JEROME M. REINAN, and for his Affidavit of Review pursuant to Minn. Stat. §§ 145.682 and 544.42 states as follows:

1. I am an attorney admitted to practice in the State of Minnesota and in the United States District Court for the District of Minnesota.

2. Although I do not believe that this case falls under the requirements of Minn. Stat.§ 145.682, I hereby attest that experts whose qualifications provide a reasonable expectation that the experts' opinions could be admissible at trial have reviewed the medical facts and evidence of this case. In the opinions of those experts, the defendant physicians deviated from established standards of care in the way they reached their documented medical opinions and conclusions including the conclusions or opinions that GC's death was caused by the acts or omissions of Sylwia Pawlak Reynolds, thereby causing harm to Plaintiff's family.

3. An expert whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial is knowledgeable about the institutional defendants' internal policies and procedures governing the identification, diagnosis, treatment and medical records documentation of suspected child abuse cases and opines that the institutional defendants deviated from established standards of care by implementing and enforcing those policies and procedures, thereby causing harm to Plaintiff's family.

4. Although I do not believe that this case falls under the requirements of Minn. Stat.§ 544.42, I hereby attest that an expert whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial has reviewed the medical facts and evidence of this case in regard to Defendant Britta Nicholson. In the opinion of the expert, Defendant Nicholson's conduct deviated from established standards of care, thereby causing harm to Plaintiff and his family.

5. I declare under penalty of perjury that everything I have stated in this document is true and correct to the best of my knowledge.

Submitted this 3rd day of April, 2025.

LAW OFFICES OF J.M. REINAN

/s/ Jerome M. Reinan
_____
Jerome M. Reinan, #24322X
1437 High St.
Denver, CO 80218
jreinan@reinanlaw.com
(303)894.0383